The Honorable Bobby Tullis State Representative P.O. Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion regarding taxation of certain property belonging, you indicate, to a nonprofit corporation. You state that the local tax assessor will not separate the corporate property from the property of an individual named in the corporate title, and that the individual is being taxed for all of the property. You have asked what redress the individual may have in this situation.
It appears that a fact question exists in this instance with regard to the ownership of property that is presumably taxable. Of course, a property owner has the duty in the first instance to deliver a verified list of his property to the tax assessor.See A.C.A. § 26-26-501. You have not indicated what steps the individual has taken at this point to ensure that he is being taxed on the property he owns. A procedure does exist for applying to the county board of equalization for the adjustment of the assessment of one's property. See A.C.A. § 26-27-317
(1987). I lack sufficient information, however, to determine whether this procedure would apply in this instance.
Reference should also be made to the statutory procedure for the correction of errors in the real or personal property tax books after the books have been delivered to the collector. See
A.C.A. § 26-28-111 (1987). This Code section authorizes the correction of errors discovered by the assessor or brought to the assessor's attention. Information sufficient to ascertain any error in assessment should therefore be forwarded to the assessor.
Payment of the tax and application to the county court for refund should perhaps also be considered. See A.C.A. § 26-35-901
(1987). Ordinarily, there can be no refund of taxes that are voluntarily paid. See Price v. Drainage Dist. No. 17,302 Ark. 64, 787 S.W.2d 660 (1990). There is, however, authority for the proposition that payment of taxes is rendered involuntary where there is ". . . some actual or threatened exercise of power possessed by the party exacting or receiving payment over the person or property from which the latter has no reasonable means of immediate relief, except by making payment." City of LittleRock v. Cash, 277 Ark. 494, 505, 644 S.W.2d (1982), citingChapman Dewey Land Co. v. Bd. of Dir. of St. Francis LeveeDist., 172 Ark. 414, 288 S.W. 910 (1926). See also Price,302 Ark. at 68 (payment deemed involuntary where made to release one's person or property from detention or where there is an immediate and urgent necessity therefor). Although there appear to be no Arkansas cases directly on point, it may be contended that the rule prohibiting the recovery of voluntarily paid taxes does not apply in this instance, where the tax must be paid in order to register or renew the registration of one's motor vehicle.
Finally, a procedure exists for instituting mandamus proceedings to compel a county officer to perform any duty imposed upon him under the tax laws. See A.C.A. § 26-26-301 (1987). The tax assessor, county clerk and collector all have duties in relation to the tax process. If there is some allegation that an error resulted from an officer's failure or refusal to perform a statutory duty, a mandamus proceeding under § 26-26-301 may offer a means of redress.
The applicability of any of the above courses of action will turn upon all of the surrounding facts and circumstances. It may be advisable for the individual to seek assistance from private counsel in an effort to resolve the issue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh